## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ABRAHAM/RASHEEN GRANT/RAKIM,                                    PLAINTIFF
ADC #128147

v.                              5:16CV00305-DPM-JTK

WENDY KELLEY, et al.                                           DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

1

District judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Abraham/Rasheen Grant/Rakim is a state inmate incarcerated at the Varner SuperMax Unit of the Arkansas Department of Correction (ADC).  He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Defendant Kelley was dismissed on January 11, 2017 (Doc. No. 8), and Plaintiff filed an Amended Complaint against Defendant Bland on January 19, 2017 (Doc. No. 10).

Pending before the Court is Defendant Bland's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 62-64).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 66).

### II.   Amended Complaint

Following the dismissal of Defendant Kelley, Plaintiff amended his Complaint to allege inadequate medical care and treatment by Defendant Bland. (Doc. No. 10) He stated Defendant Nurse Bland (and not a doctor) treated him in response to his sick call about knee weakness and numbness.  He complained Bland pulled up the legs of his jumpsuit, commented about the had

hair on his legs, and rendered a judgment about his condition without running any tests. Plaintiff stated he continued to suffer from a lack of blood flow to his legs and that Bland acted with deliberate indifference to his condition.

### III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

#### A. Defendant's Motion

According to Plaintiff's medical records, Defendant Bland saw Plaintiff on July 7, 2016, for complaints that he suffered from a lack of blood flow to his legs, and leg numbness and knee weakness. (Doc. No. 64-1, p. 11) At the exam, she noted that Plaintiff was not in distress, had not changed his daily activities, and that his posture was erect, his shoulder heights were equal,

and he showed no gait abnormalities. (Id.)   He positioned himself on and off the examination table without assistance, showed adequate muscle development and equal motor strengths, full range of motion of the knees, even distribution of leg hair and intact peripheral pulses. (Id.) According to the Declaration of Dr. Jeffrey Stieve, Regional Medical Director for Correct Care Solutions, Bland's observations and assessments were appropriate in checking for blood flow issues, and her conclusion that Plaintiff's complaint did not match her clinical findings is well supported by Plaintiff's medical records. (Id., pp. 2-3)    Stieve also explained that as an Advanced Practice Registered Nurse (APRN), Bland is trained to assess, diagnose, manage patient problems, order tests, and prescribe medications. (Id., p. 1) The ADC Medical Operating Policies and Procedures allow for clinical services to be carried out by physicians or mid-level providers, such as Defendant Bland. (Id., pp. 1-2)

Based on the medical records and Dr. Stieve's Declaration, Defendant Bland asks the Court to dismiss Plaintiff's complaint against her for failure to provide any evidence that she acted with deliberate indifference to his serious medical needs.    Rather, Bland states that Plaintiff disagreed with her medical judgment, which does not rise to the level of a Constitutional claim for relief.

### B.   Plaintiff's Response

In Response, Plaintiff complains that although the nurse who addressed his sick call placed him on the list for a doctor referral, Defendant Bland examined him. He complains that Bland told him she did not know what was wrong with him and failed to order x-rays and/or provide medications.   Bland disregarded his health complaints and failed to treat him or change his medical class status.

### C.   Analysis

4

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this case, the parties do not dispute that Plaintiff's complaint concerns Defendant Bland's treatment of him on one occasion, July 7, 2016. The parties also do not dispute the medical record of that date. According to that record, Bland assessed Plaintiff for his knee

complaints, made several observations, and concluded that his complaints did not match up with those observations. (Doc. No. 64-1, p. 11) She also concluded that his request for a change in his medical class was not medically-indicated. (Id.) Plaintiff disagrees with Bland's conclusions, but provides no evidence that her actions were more than negligent, that he continued to suffer from medical issues which eventually were resolved by another medical professional, or that his health deteriorated because of her decision not to prescribe him medications or tests. As noted above, a mere disagreement with a treatment decision does not rise to the level of a constitutional violation. Estate of Rosenberg v. Crandell, 56 F.3d at 37. Therefore, absent any additional evidence to show that Bland acted with deliberate and reckless disregard for Plaintiff's health and safety, the Court finds as a matter of law that Plaintiff fails to support an Eighth Amendment claim for relief.

**IV. Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant Bland's Motion for Summary Judgment (Doc. No. 62) be GRANTED, and that Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 27th day of October, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE